## (March 7, 1974)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANDREW ARCE, Appellant.— Judgment, Supreme Court, Bronx County, rendered March 22, 1973, convicting defendant, after a nonjury trial, of assault in the second degree and sentencing him to five years' probation, unanimously reversed, as a matter of discretion in the interest of justice and a new trial directed. Defendant, who had no prior conflicts with the law, was convicted of assaulting a Housing Authority Patrolman. Conflicting testimony was introduced by each combatant as to who was the agressor and each side presented supporting witnesses. Unknown to the trial court, a disinterested witness saw the entire encounter. He gave his nickname and address to Mrs. Arce and volunteered to appear as a defense witness. Mrs. Arce passed along the information to defense counsel, but it appears that the witness was never interviewed by counsel although he was present in Criminal Court on several occasions. On the eve of trial it was discovered that the witness had moved from the address given Mrs. Arce. Defense counsel instructed defendant and his wife to find the witness. When they were unsuccessful, the trial proceeded without a continuation requested or the witness' existence noted. After trial,

513

but before imposition of sentence, the witness reappeared. Substituted counsel then moved under CPL 330.30 to set aside the verdict on the ground of newly discovered evidence and because of the ineffectiveness of trial counsel. The Trial Judge denied the motion on the grounds that prior knowledge of the existence of the witness precluded consideration of such testimony as "newly discovered" and that the failure to secure the witness' appearance did not constitute inadequate representation. On this appeal, we are also advised that there was a failure to present medical evidence at the trial with respect to defendant's spinal fusion operation which would have supported his claim that he could not have assaulted the officer. Respondent, aside from contending that defendant's guilt was established by the requisite quantum of proof, raises technical objections to the manner in which assignments of error have been raised which, in the interest of justice, we have disregarded. The Trial Judge apparently felt compelled by the language of CPL 330.30 to reject the claim of newly discovered evidence. Our powers, however, are not so limited. (CPL 470.15, subd. 3, par. [c]; *People* v. *Ramos*, 33 A D 2d 344.) In a close case such as this, where the credibility of the witnesses plays such an important role, the testimony of a disinterested witness may well have affected the outcome of the proceeding. Under the circumstances of this case, justice and fairness require that defendant be afforded the opportunity to present such testimony. Concur — Nunez, J. P., Kupferman, Murphy, Capozzoli and Lane, JJ.